UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CYNTHIA LEWIS,       ) | 3:21-CV-00957 (SVN) |
| *Plaintiff*,         ) | |
|                      ) | |
| v.                   ) | |
|                      ) | |
| S&S NUTRITION INC.,  ) | |
| *Defendant*.         ) | April 7, 2023 |
|                      ) | |

## RULING AND ORDER ON ORDER TO SHOW CAUSE AND DEFENDANT'S MOTION TO DISMISS

Sarala V. Nagala, United States District Judge.

Cynthia Lewis ("Plaintiff") brings the present action against S&S Nutrition Inc., ("Defendant") alleging claims for vexatious litigation and abuse of process in connection with an eviction lawsuit Defendant brought against her in Connecticut Superior Court. On October 5, 2022, the Court entered an order to show cause instructing Plaintiff to show cause why the action should not be dismissed for lack of subject matter jurisdiction. Presently before the Court is Plaintiff's response to that order, as well as Defendant's motion to dismiss the Complaint for lack of subject matter jurisdiction. For the reasons discussed herein, the Court DIMISSES the present action for lack of subject matter jurisdiction.

### I.   FACTUAL BACKGROUND

The following facts alleged in the amended complaint are taken as true for purposes of the present motion. Plaintiff has resided in and owned the property located at 1020 Old Town Road, Trumbull, Connecticut (the "Property") since October 2000. Am. Compl., ECF No. 24 ¶ 6. Despite this, on June 1, 2020, Defendant purported to purchase the Property from an unknown entity. *Id.* ¶ 5. After completing this purported purchase, on December 12, 2020, Defendant served upon Plaintiff a "Notice to Quit Possession" that demanded Plaintiff vacate the Property on or

before December 19, 2020.  *Id.* ¶ 7.  Plaintiff refused to do so.  *Id.* ¶ 8.  Though it is unclear precisely what Plaintiff did after receiving this notice, it appears that she attempted to contact Wells Fargo Bank to clear up the issues regarding her ownership of the Property.  *Id.* ¶ 10.  These conversations with Wells Fargo continued into March of 2021.[1]  *Id.*

Nevertheless, on December 22, 2020, Defendant filed a summary process eviction complaint against Plaintiff in the Bridgeport Housing Session of Connecticut Superior Court, despite that Connecticut had an eviction moratorium in place at the time.  *Id.* ¶¶ 11–12.  This complaint alleged that Defendant had purchased the Property on June 1, 2020, and, according to Plaintiff, falsely asserted the Plaintiff had taken possession of the Property from Defendant pursuant to an oral lease that same day.  *Id.* ¶¶ 13–15.  Defendant specifically alleged that the oral lease allowed Plaintiff to reside at the Property for a rent of $2,500 per month.  *Id.* ¶ 15.

A hearing was held in the eviction proceeding on March 3, 2021.  *Id.* ¶ 17.  At that hearing, Defendant admitted that there had in fact been no oral lease, but instead claimed that an unnamed realtor had sent Plaintiff a letter explaining Defendant's ownership of the Property and Plaintiff's ability to rent the Property.  *Id.* ¶¶ 17–18.  Plaintiff denies ever receiving such a letter.  *Id.* ¶ 19.  Regardless, apparently relying on this letter sent from a realtor, Defendant argued at the hearing that Plaintiff entered some kind of lease agreement and that she owed Defendant $17,500 in rent for the period of June 2020 through December 2020.  *Id.* ¶¶ 20–21.  Plaintiff argued that she owed no money to Defendant, as she was the owner of the Property and never agreed to pay anything to anyone for the ability to live in her own home.  *Id.* ¶¶ 22–23.  Defendant's claims were ultimately found to be lacking in credibility and the summary process eviction action was dismissed.  *Id.* ¶

---

[1] The amended complaint alleges that the conversations were ongoing into "March 2020," but March of 2020 was before Plaintiff was served the notice to quit possession.  The original complaint contained the same error.  Thus, the Court will assume, as it did in its prior order dismissing the case, that "March 2020" was a typographical error, and will treat the allegation as referencing March of 2021.

2

26. After the summary process eviction proceeding was dismissed, Plaintiff brought this action in federal court.

## II.   PROCEDURAL HISTORY

Plaintiff filed this proceeding on July 7, 2021.  ECF No. 1.  Her complaint alleged claims for fraudulent misrepresentation and defamation/libel.  *Id.* at 4.  Defendant filed a motion to dismiss the complaint.  The Court dismissed the initial complaint for lack of subject matter jurisdiction based on Plaintiff's failure to show an amount in controversy greater than $75,000.  ECF No. 23.  In that order, the Court allowed Plaintiff the opportunity to file an amended complaint to fix the jurisdictional infirmity, as well as any other pleading defects Plaintiff believed were present.  *Id.* at 7.  On October 2, 2022, Plaintiff filed her amended complaint.  ECF No. 24.  Upon review of the amended complaint, the Court entered an order to show cause why the amended complaint rectified the jurisdictional issues with Plaintiff's case.  ECF No. 25.  Plaintiff responded to this order to show cause, and Defendant filed the present motion to dismiss for lack of subject matter jurisdiction.

## III.   DISCUSSION

Plaintiff invokes the diversity jurisdiction of the federal courts, pursuant to 28 U.S.C. § 1332.  That statute provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."  28 U.S.C. § 1332(a).

There is no dispute in this case that the parties have complete diversity of citizenship, as Plaintiff is a citizen of Connecticut and Defendant is a citizen of Oklahoma.  In order for the Court to have subject matter jurisdiction under § 1332, however, the amount in controversy must be greater than $75,000.  28 U.S.C. § 1332(a).  The Court entered its order to show cause because,

where jurisdiction is based on diversity of citizenship, the Court's duty to *sua sponte* confirm it has jurisdiction extends to the amount in controversy. *See Nwanza v. Time, Inc.*, 125 F. App'x 346, 347 (2d Cir. 2005) (dismissing action *sua sponte* for failing to meet the requisite amount in controversy to establish diversity jurisdiction); *Boorman v. United Parcel Serv. of Am., Inc.*, 159 F.3d 1345 (2d Cir. 1998) (unpublished) (affirming *sua sponte* dismissal for lack of jurisdiction where plaintiff could not establish minimum amount in controversy for diversity jurisdiction).

Initially, "a party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Scherer v. Equitable Life Assur. Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003). This burden is "hardly onerous," because the Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a *good faith* representation of the actual amount in controversy." *Id.* (emphasis added). But where the allegations in a complaint regarding the amount in controversy are purely conclusory, they are not entitled to the "presumption of truth." *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, at *1 (2d Cir. 2013). Accordingly, "courts in this Circuit have routinely found jurisdictional defects in complaints that merely allege that the claim exceeds the statutory jurisdictional amount." *Siddiqui v. Rocheleau*, No. 3:18-CV-00839 (JCH), 2018 WL 6519064, at *13 (D. Conn. Dec. 11, 2018); *Baltazar v. Earth Ctr. of Maanu, Inc.*, No. 14-CV-3543 ENV LB, 2014 WL 3887717, at *2 (E.D.N.Y. July 11, 2014). Further, the Court is not confined to the four corners of the pleading when considering whether it possesses subject matter jurisdiction, and may consider external evidence if such is presented. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) ("In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court, as it did here, may refer to evidence outside the pleadings.").

Turning first to the allegations of the amended complaint, this complaint still fails to adequately plead the requisite amount in controversy. In fact, the amended complaint contains fewer allegations related to Plaintiff's potential damages than did the initial complaint. It contains only two allegations regarding damages: (1) the first paragraph, which alleges in conclusory fashion that "the amount in controversy exceeds $75,000," ECF No. 24 ¶ 1; and (2) a *pro forma* clause at the end of each count in the complaint stating, "Plaintiff has been damaged thereby." *Id*. ¶ 29. Then, in the prayer for relief, Plaintiff seeks unspecified compensatory damages and treble damages under Connecticut's vexatious litigation statute, Conn. Gen. Stat. § 52-568. *Id.* at 5, ¶¶ b, c.

These allegations and the prayer for relief do not provide a sufficient basis for the Court to find that this dispute satisfies the minimum amount in controversy. The amended complaint does not sufficiently plead facts demonstrating how the filing of the eviction complaint in the housing action adversely impacted Plaintiff (if it did so at all) or what compensatory damages she would be due in light of Defendant's action. Put simply, there are no non-conclusory allegations in the amended complaint that show Plaintiff sustained any injury as a result of Defendant's actions, let alone that Plaintiff could be entitled to recover more than $75,000.

Even reading the amended complaint as favorably to Plaintiff as possible, there are only two allegations that discuss monetary sums at all. Paragraph 16 alleges that Defendant falsely claimed Plaintiff entered an oral agreement to pay $2,500 in monthly rent, and Paragraph 21 alleges Defendant claimed Plaintiff owed total rent arrearages of $17,500. *Id.* ¶¶ 16, 21. Plaintiff, however, claims that she prevailed in the underlying lawsuit on the issue of whether there was an oral lease. *Id.* ¶ 26. Therefore, it appears Plaintiff never paid any money to Defendant. Even if she did pay $17,500 to Defendant, however, such an amount would fall far short of the $75,000

jurisdictional threshold. The amended complaint contains no allegations of damages in the form of attorney's fees or other expenses Plaintiff sustained in defending the eviction lawsuit.[2]

Instead, Plaintiff argues that she is entitled to damages for pain and suffering and emotional distress, which, based on a pre-existing medical condition that was exacerbated by Defendant's conduct, she claims will be quite high. To start, however, the amended complaint contains no allegations related to any emotional damages or pain and suffering, such that it is unclear to the Court whether it is appropriate to allow Plaintiff to now seek such damages. This is especially troubling to the Court given that Plaintiff was already informed her complaint failed to meet the statutory threshold for damages, and she was given an opportunity to amend the complaint to fix this issue. Nevertheless, the amended complaint does seek "such further and equitable relief as the court may deem appropriate." ECF No. 24 at 5. Reading Plaintiff's complaint liberally, the Court will assume such a request includes damages for pain and suffering.

Even adopting this liberal reading, however, Plaintiff fails to carry her burden of proof to show the Court possess jurisdiction. The only evidence presented by Plaintiff is a conclusory affidavit that states she has a medical issue that is made worse by stress, and that the stress she suffered from Defendant's meritless lawsuit greatly aggravated her illness. *See* ECF No. 28. She provides no information regarding medical bills or costs that she incurred as a result of Defendant's conduct. Nor does she provide any information related to specific instances or medical issues she has suffered beyond conclusory assertions that she has had an increase in distressing episodes since Defendant's filing of the eviction matter. *See generally id*.

---

[2] In her response to the Court's order to show cause, Plaintiff argues that she may be entitled to treble damages under Connecticut's vexatious litigation statute, Conn. Gen. Stat. § 52-568. While this appears to be accurate, treble damages on $17,500 is $52,500, which still falls well short of the $75,000 statutory threshold. Additionally, Plaintiff appears to suggest that attorney's fees may be included in calculating the amount in controversy. This is only true if the statute under which the claim is brought mandates an award of attorney's fees for a successful plaintiff. *See Howard v. Anthem, Inc.*, No. 3:22-cv-476 (SVN), 2022 WL 15261908, at *4 (D. Conn. Oct. 26, 2022). Finally, while Plaintiff's briefing references punitive damages, her amended complaint makes no claim for punitive damages.

On the other hand, in support of its motion to dismiss, Defendant has provided Plaintiff's responses to Defendant's interrogatories and requests for production. *See* ECF No. 33-3. When asked to itemize and list the monetary damages Plaintiff is seeking, she responded: "Plaintiff does not know how to calculate forever gone yesterdays." *Id.* at 4. Further, Plaintiff simply failed to respond to Defendant's request to provide all documents related to damages, and stated only that she will supplement her production with medical records related to her injuries when they are available. While the Court understands such emotional damages may be hard to calculate, and that Plaintiff may yet be planning to provide medical records to the Defendant,[3] it is Plaintiff's burden to show that this Court has subject matter jurisdiction over the present dispute. *Makarova*, 201 F.3d at 113. This she has failed to do.

## IV.   CONCLUSION

For the foregoing reasons, this case is DISMISSED for lack of subject matter jurisdiction. As Plaintiff has already been provided a chance to amend her complaint to correct the jurisdictional defect and has failed to do so, the Court sees no reason to allow her another opportunity. The Clerk of Court is directed to enter judgment in favor of Defendant and close this action.

**SO ORDERED** at Hartford, Connecticut, this 7th day of April, 2023.

                                               */s/ Sarala V. Nagala*
                                               SARALA V. NAGALA
                                               UNITED STATES DISTRICT JUDGE

---

[3] The Court notes that discovery in this action closed on October 31, 2022, such that Plaintiff should have already provided all documents in her possession to Defendant. While the Court later vacated the dates in the scheduling order, ECF No. 39, this was done well after discovery closed and the Court is unsure whether Plaintiff would be permitted to disclose additional documents at this time. Nevertheless, the Court will assume, for purposes of this motion, that Plaintiff may have additional medical documents that she was planning to provide to Defendant.